Alexandr Vasilyevich GALCHUK, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73373.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Marina R. Gordon, Esq., Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward A. Olsen, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Alexandr Vasilyevich Galchuk, a native of Uzbekistan and citizen of Russia, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We review the agency's decision for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and deny the petition.

■ The BIA's denial of Galchuk's asylum claim is supported by substantial evidence because Galchuk failed to demonstrate that any harm he suffered was on account of his political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Though official retaliation for whistle blowing may amount to persecution, the record here does not compel such a conclusion. *See Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000).

■ Because Galchuk failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

